UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LAVENA L. LINDSTROM,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CV-08-0371-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Lavena L. Lindstrom (plaintiff) filed for social security income (SSI) on July 29, 2005. (Tr.78-80.) Plaintiff alleged an onset date of November 1, 2004. (Tr. 104.) Benefits were denied initially and on reconsideration. (Tr. 42, 46.) Plaintiff requested a hearing before an administrative law judge (ALJ) which was held before ALJ Paul L. Gaughen on December 4, 2007.[1] (Tr. 332-39.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 345-63, 366-67.) Plaintiff's mother, Diana

---

[1] A hearing on September 26, 2007 was continued without testimony when plaintiff requested additional time to obtain counsel. (Tr. 332-39.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

Lindstrom, and vocational expert Diane Kramer also testified. (Tr. 363-66, 367-70.) The ALJ denied benefits (Tr. 16-32) and the Appeals Council denied review. (Tr. 4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, plaintiff was 26 years old. (Tr. 78.) She graduate from high school and is two quarters away from completing an A.A. in medical office assistant. (Tr. 345.) Plaintiff was enrolled in and ultimately completed a 10-week preparation course for an examination for certification in the property and casualty insurance industry. (Tr. 303, 345, 356.) Plaintiff testified she has been unable to work because she is bipolar and has seasonal affective disorder, and stated her weight has really contributed to the fact that she cannot work. (Tr. 351-52.) Plaintiff indicated that she has rapid mood swings due to her bipolar disorder. (Tr. 352.) When she is depressed, she does not do much of anything. (Tr. 352.) She testified she cannot get out of bed, brush her teeth, clean or work when she is depressed. (Tr. 352.) When she is feeling "up," she is hyperactive, takes on too much at once, and cannot finish things. (Tr. 352.) She does not usually maintain a schedule. (Tr. 352.) Plaintiff testified that seasonal affective disorder causes her to "hibernate" from November to April. (Tr. 353.) She does not want to go out, does not want to see people, and stays at home. (Tr. 353.) Plaintiff also alleges she has migraines two to three times per week which are usually controllable with prescription medication, although she has gone to the emergency room for intervention. (Tr. 353-54.) Plaintiff admitted using marijuana about three times per month. (Tr. 358.) She testified she stopped using methamphetamine in 2005. (Tr. 360.) She drinks alcohol socially, maybe once a month. (Tr. 359.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical

and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial

gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not, however, automatically qualify a claimant for disability benefits when there is evidence of alcohol or drug abuse. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(c). Special statutes and regulations govern disability claims involving substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds the claimant is not disabled under the five step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id.* If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001.) If the claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since July 26, 2005, the application date. (Tr. 18.) At step two, he found Plaintiff has the following severe combination of impairments: cannabis and methamphetamine abuse, affective disorder, personality disorder not otherwise specified, malingering, and obesity. (Tr. 18.) At step three, the ALJ found plaintiff's impairments, including the substance use disorder, meet sections 12.04, 12.08 and 12.09 of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 26.) The ALJ next determined if plaintiff stopped the substance use, the remaining limitations would continue to cause a severe impairment of combination or impairments, but plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 27-28.) The ALJ then determined:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) with the following exceptions: She can stand 1 hour at a time and walk 1 mile at a time, for a total of 6-7 hours in an 8-hour workday. Sitting is not limited. She can climb two flights of stairs, limited by fatigue secondary to her obesity. She can bend frequently. She can lift and carry 100 pounds occasionally and 50 pounds repeatedly. She is capable of superficial interaction with the general public and coworkers. Supervision should be clear and directive to avoid power struggles due to personality issues.

(Tr. 28.) At step four, the ALJ found plaintiff would be able to perform past relevant work as a fast food worker, hotel clerk, and cashier 2, if plaintiff stopped the substance use. (Tr. 31.) Because the claimant would not be disabled if she stopped the substance use, the ALJ determined plaintiff's substance use disorders are a contributing factor material to the determination of disability. (Tr. 31.) Thus, the ALJ concluded plaintiff has not been disabled within the meaning of the Social Security Act at any time from the date of application through the date of the decision. (Tr. 31-32.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) relying on the opinion of a consulting psychologist who did not review the entire record evaluating the medical opinion evidence; and (2) improperly rejecting the opinions of examining psychologists. (Ct. Rec. 14 at 11-14.) Defendant argues the ALJ properly resolved conflicting psychological evidence and made a proper RFC finding. (Ct. Rec.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

16 at 7-12.)

## DISCUSSION

**1.     Drs. Arnold, Everhart and Ridgway**

Plaintiff argues the ALJ improperly rejected the opinions of examining psychologists Dr. Arnold, Dr. Everhart and Dr. Ridgway. (Ct. Rec. 14 at 12.)   In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).  The opinion of a non-examining physician may be accepted as substantial evidence only if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Dr. Ridgway prepared a psychological diagnostic evaluation dated April 26, 2005. (Tr. 200-209.)  Dr. Ridgway diagnosed bipolar disorder, not otherwise specified; amphetamine dependence, sustained full remission per client's report; cannabis abuse; personality disorder, not otherwise specified, with borderline features. (Tr. 206.)  With regard to employment, Dr. Ridgway opined:

> However, in spite of her Average [sic] range intellectual abilities, it appears that she currently exhibits significant impairments in emotional and interpersonal functioning that would present barriers to employment at this time.  For example, considering her current sleep problems and lack of a consistent routine, it is likely that she would have difficulties appearing for work in a timely manner and/or on a regular basis.  In addition, Lavena's problematic mood swings, limited impulse control, and poor anger control would likely interfere with her ability to complete a normal workday without interruption from these psychological symptom. [sic]  She also appears to be at risk for encountering interpersonal difficulties, and she may have problems associating effectively with co-workers and supervisors.

(Tr. 207.)

In January 2008, Dr. Arnold conducted a psychological assessment and prepared a narrative report as well as a Medical Source Statement of Ability to Do Work-Related Activities (Mental). (Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

303-13.) Dr. Arnold diagnosed bipolar depression, anxiety disorder not otherwise specified, undifferentiated somatoform disorder, attention deficit hyperactivity disorder, inattentive type (mild to moderate), and rule out cannabis dependence. (Tr. 306-07.) Dr. Arnold assessed marked functional limitations in the abilities to understand and remember detailed instructions, to carry out detailed instructions, and to accept instructions and respond appropriately to criticism from supervisors, as well as moderate limitations in 10 additional functional areas. (Tr. 312-13.)

Dr. Everhart prepared a psychological assessment and a Medical Source Statement of Ability to Do Work-Related Activities (Mental) in March 2008. (Tr. 314-24.) Dr. Everhart diagnosed bipolar disorder (by history); cannabis abuse; methamphetamine abuse, apparently in remission; malingering; and personality disorder not otherwise specified with antisocial, borderline and avoidant features, mild. Dr. Everhart assessed moderate limitations in seven functional areas. (Tr. 323-24.)

Drs. Ridgway, Arnold and Everhart are examining psychologists. The limitations they assessed are contradicted by the opinion of Dr. Gentile, a reviewing psychologist, who assessed less severe limitations. (Tr. 125-27.) Thus, the ALJ may reject the opinions of Dr. Ridgway, Dr. Arnold and Dr. Everhart only for specific, legitimate reasons supported by substantial evidence in the record. *Fair*, 885 F.2d at 605.

The ALJ did not specifically reject the opinions of Drs. Ridgway, Arnold and Everhart. Instead, the ALJ indicated the opinions of Dr. Arnold and Dr. Everhart were persuasive in finding that when substance use is considered, plaintiff is disabled. (Tr. 27.) However, the ALJ noted that the reports of these examining psychologists, as well as the opinions of psychologists Dr. Ridgway, Dr. Hedge and Dr. Genthe, and the limitations they assessed "must be tempered by the claimant's chronic, ongoing substance use." (Tr. 27.) While the ALJ did not state that he rejected the opinions of Drs. Ridgway, Arnold and Everhart because they were affected by plaintiff's substance use, such a statement is not required. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The court may draw reasonable inferences from the ALJ's discussion of a particular physician's report. *Id.* The ALJ's discussion of the evidence supports the inference that the mental limitations assessed by Drs. Ridgway, Arnold and Everhart were rejected because the assessments were undermined by plaintiff's substance use. (Tr. 26-27, 31.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

1        The ALJ cited evidence indicating plaintiff's marijuana abuse is ongoing and noted reports of methamphetamine use are inconsistent. (Tr. 26, 153, 172, 202-03, 266, 285, 304-05, 317.) The ALJ pointed out Dr. Everhart noted plaintiff's daily abuse of marijuana was a "probably detriment to attention/mood/ability to get to work regularly" and there would be a "probable improvement" if such abuse were to cease. (Tr. 26-27, 324.) Dr. Ridgway noted the diagnostic picture was likely complicated by plaintiff's history of methamphetamine abuse, as such abuse could mimic symptoms of bipolar disorder. (Tr. 27, 207.) Another examining psychologist, Dr. Genthe, reported in November 2005 that plaintiff's bipolar had not clearly been demonstrated, and that her clinical picture was based on the notion that she had been abstinent from methamphetamines, marijuana or other substances. (Tr. 31, 166.) Furthermore, plaintiff's treating physician, Dr. Angell, noted in September 2005 that it was unclear whether plaintiff was "not doing as well" because of low Depakote levels or because she had been off methamphetamine for eight weeks. (Tr. 21, 27, 283.) These facts and opinions all support the ALJ's inference that plaintiff's limitations are exacerbated by her substance use. The ALJ reasonably concluded that the psychological limitations assessed by Drs. Ridgway, Arnold and Everhart were not reflective of her abilities without the influence of substance use, and were therefore of little influence in making that finding.

       Plaintiff's argument that the ALJ's reasoning "was very much skewed and did not rise to the level of specific and legitimate reasons supported by substantial evidence in the record" is without merit. (Ct. Rec. 14 at 13.) Plaintiff's argument suggests that the limitations assessed by Drs. Ridgway, Arnold and Everhart must be accepted, notwithstanding her substance use. However, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Plaintiff does not challenge the ALJ's finding that substance use disorders are a material factor contributing to her disability or suggest an alternate interpretation of the opinions and evidence regarding substance use. The ALJ, on the other hand, cited numerous points in the record constituting substantial evidence justifying his determination that the limitations assessed by Drs. Ridgway, Arnold and Everhart were affected by plaintiff's substance abuse. If the limitations assessed by examining psychologists were influenced by plaintiff's substance use, and indeed, Drs. Ridgway and Everhart acknowledged the possibility,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

then the opinions do not accurately reflect plaintiff's limitations without substance abuse. The ALJ could therefore not properly adopt those limitations in making a determination of plaintiff's residual functional capacity without substance use. Thus, the ALJ properly considered the opinions of Drs. Ridgway, Arnold and Everhart, and did not err.

**2.    Dr. Gentile**

Plaintiff argues the ALJ improperly relied on the opinion of Dr. Gentile, a state consulting psychologist, in determining plaintiff's residual functional capacity. (Ct. Rec. 14 at 11-13.) The opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996), citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance) independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Dr. Gentile completed a Psychiatric Review Technique form and a Mental Residual Functional Capacity Assessment in December 2005. (Tr. 125-42.) Dr. Gentile assessed moderate limitations in the ability to work in coordination with or proximity to others without being distracted by them, the ability to interact appropriately with the public, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 125-26.) In explanatory comments, Dr. Gentile indicated plaintiff is capable of simple and complex tasks, would likely be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

distracted by others, but was able to be cooperative and friendly with examiners. (Tr. 127.) Dr. Gentile opined plaintiff would do best away from the general public, with limited coworker-interaction, and with clear and directive supervision to avoid power struggles due to personality issues. (Tr. 127.) The ALJ indicated that he "carefully considered" Dr. Gentile's opinion and noted it tends to support the residual functional capacity determination. (Tr. 30-31.)

      The ALJ did not rely solely on Dr. Gentile's opinion to reject the opinions of examining psychologists or in making the residual functional capacity finding. Instead, as described above, the ALJ rejected the limitations assessed by examining psychologists based on evidence of plaintiff's substance use. Furthermore, in making the residual functional capacity finding, the ALJ indicated other evidence was also considered. (Tr. 30-31.) The ALJ noted plaintiff's symptoms improved when she was compliant with treatment. (Tr. 19-22, 30-31, 171, 181-82, 246.) Plaintiff has been reported to be cooperative and pleasant, neat in appearance, and of at least average intelligence with intact memory function. (Tr. 31, 151, 174, 203-05, 305.) She completed a course of study for the insurance industry (Tr. 303), indicating she is capable of simple and complex work instructions. (Tr. 31.) The ALJ also noted reports of conflict in the work place and that plaintiff reported being fired on two occasions. (Tr. 31, 201, 318.) Thus, the ALJ did not rely on Dr. Gentile's report alone in making a finding about plaintiff's mental limitations. In addition to Dr. Gentile's assessment, the ALJ cited substantial evidence supporting the residual functional capacity determination. Therefore, the ALJ did not err in considering report of the state reviewing psychologist.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED July 29, 2009.

                              S/ JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE